IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN CLINE,

    Plaintiff,

  v.                                      Civil Action No.

                                        Hon.

BAY AREA TRANSPORTATION AUTHORITY,
a Michigan public entity.

    Defendant.

## **COMPLAINT**

    Plaintiff KATHLEEN CLINE, by and through her attorneys, Carla D. Aikens, P.C., submits the following Complaint against Defendant BAY AREA TRANSPORTATION AUTHORITY.

### JURY DEMAND

    COMES NOW Plaintiff and hereby makes her demand for trial by jury.

### JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act ("ADA"), 42 USC 12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e-5.

2. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

1

3. Plaintiff is a citizen of the United States and the State of Michigan and resides in Kingsley, Traverse County, Michigan.

4. All of the discriminatory employment practices alleged in this complaint occurred within the State of Michigan.

5. Defendant Bay Area Transportation Authority ("BATA") is a Michigan public entity with its office and principal place of business 3233 Cass Rd. Traverse City, Michigan 49684.

## STATEMENT OF FACTS

6. Plaintiff was hired by Defendant in February of 2001.

7. Plaintiff has worked for the Defendant for fourteen (14) years.

8. On May 21, 2013, while working as a bus driver for Defendant, Plaintiff's bus was struck by a semi-automatic truck.

9. In the accident, Plaintiff sustained several injuries including, but not limited to, back and head injuries.

10. Following the accident, Plaintiff went on medical leave.

11. In March of 2014 Plaintiff was permitted to return to work with the following restrictions:

    a. Sit/stand option available;

    b. Break 10 Min Q 2 hours;

    c. No driving;

    d. Must be able to lay down on break if needed and

    e. Lifting limits: 11-20 lbs.

12. Because Plaintiff was not cleared to drive, Plaintiff returned to work, part-time, performing clerical and customer services duties. These duties included:

    a. Answering phones;

    b. Meeting with customers at window;

    c. Answering questions;

    d. Emptying trash inside;

    e. Light cleaning duties and

    f. watering plants.

13. Plaintiff was paid a wage for performing the aforementioned duties.

14. Upon Plaintiff's return to work, Defendant sent an e-mail to staff, concerning Plaintiff, stating, "[d]uring her attempts to return, please be candid and straightforward with me regarding her ability to assist. We do not want to cause a distraction to our operations, rather an assistive hand." **Exhibit A**- Email Concerning Plaintiff's Return.

15. Despite the fact that Plaintiff had been working for Defendant for several months part-time, Defendant terminated Plaintiff in June of 2014.

16. In June of 2014 Defendant sent Plaintiff a letter stating that it was separating Plaintiff's employment because Plaintiff's "leave of absence ha[d] reached/exceeded the twelve month period as described in Article IX, section 5(g) of the Collective Bargaining Agreement between BATA and Teamsters Local 21." **Exhibit B**- First Letter of Termination.

17. Plaintiff filed a grievance on June 14, 2014 alleging that she was terminated in violation of VIII Section 1-Just Cause and Article IX, Section 5(g) Seniority. **Exhibit C**- Grievance.

18. In May of 2015, Plaintiff's physician informed Defendant that Plaintiff was cleared to return to work as a driver. **Exhibit D**- Medical Clearance.

19. Despite being cleared to return to work in May of 2015, Defendant sent Plaintiff another letter stating that it was separating Plaintiff's employment because Plaintiff's "leave of absence ha[d] reached/exceeded the twelve month period as described in Article IX, section 5(g) of the Collective Bargaining Agreement between BATA and Teamsters Local 21." **Exhibit E**- Second Letter of Termination.

20. On February 16, 2016, Plaintiff filed a charge with Equal Employment Opportunity Commission (EEOC) for discrimination based on her disability. **Exhibit F**- EEOC Charge of Discrimination.

21. Plaintiff filed the charge with the EEOC within 300 days of the unlawful employment practice alleged in this claim.

22. Plaintiff received notification of the right-to-sue letter from the EEOC on August 23, 2016, and filed this complaint within 90 days of receiving the EEOC's notice of the right to sue. **Exhibit G**- EEOC Right to Sue Letter.

## COUNT I –VIOLATION OF AMERICAN'S WITH DISABILITIES ACT (FAILURE TO REINSTATE)

23. Plaintiff incorporates by reference the allegations set forth above.

24. Defendant is a person within the meaning of §101(7) of the ADA, 42 USC 12111(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC 2000e.

25. Defendant meets the requirements for employer status under the ADA. 42 USC 12111(5)(A).

26. At all relevant times, Plaintiff was an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(1).

27. Specifically, Plaintiff has a mental impairment; PTSD which manifests itself through panic and anxiety attacks. Plaintiff's impairment substantially interferes with the major life activities of working and concentrating.

28. Plaintiff's mental impairment is currently in remission.

29. Plaintiff returned to work and received wages from the Defendant from March of 2014 until June of 2014, when she was terminated without cause.

30. Plaintiff was cleared to return to work as a driver in May of 2015.

31. Plaintiff is a qualified individual within the meaning of the ADA because Plaintiff can perform the essential functions of her job with or without a reasonable accommodation.

32. Defendant's failure to reinstate Plaintiff after she was medically cleared to work as a bus driver constitutes discrimination against Plaintiff in violation of the ADA.

33. Plaintiff suffered an adverse action because of her disability in violation of the ADA.

34. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

35. The unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### COUNT II –VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT ( FIRST TERMINATION)

36. Plaintiff incorporates by reference the allegations set forth above.

37. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1201 et seq.

38. Plaintiff has a *disability*, as that term is defined by and within the meaning of the PWDCRA, MCL 37.1103(e).

39. Plaintiff was diagnosed with PTSD following the accident in May of 2013.

40. Plaintiff notified Defendant in writing of the need for an accommodation to enable her to perform the specific requirements of the job.

41. Plaintiff worked part-time for Defendant in a position unrelated to her disability from March of 2014 until June of 2014, when she was terminated by Defendant.

42. In terminating Plaintiff from her part-time position, Defendant discriminated against Plaintiff in violation of the PWDCRA.

43. Plaintiff's disability was a determining factor in Defendant's decision to terminate Plaintiff and preclude her from returning to work in any capacity.

44. The actions of Defendant and its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

45. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

### COUNT III –VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (FAILURE TO REINSTATE)

46. Plaintiff incorporates by reference the allegations set forth above.

45. At all material times, Plaintiff was an employee, and Defendant was an employer, covered by and within the meaning of the PWDCRA, MCL 37.1201 et seq.

46. Plaintiff has a *disability,* as that term is defined by and within the meaning of the PWDCRA, MCL 37.1103(e).

47.  Plaintiff was diagnosed with PTSD following the accident.

48. Plaintiff worked part-time for Defendant in a position unrelated to her disability from March of 2014 until June of 2014, when she was terminated by Defendant without cause.

49. Plaintiff was cleared to return to work in May of 2015 as a bus driver.

50. Plaintiff's disability was a determining factor in Defendant's decision to terminate Plaintiff and preclude her from returning to work in any capacity.

51. Plaintiff was discriminated against, within the meaning of the PWDCRA, when Defendant terminated her because of her mental condition.

52. The actions of Defendant and its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

53. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

### **COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

54. Plaintiff incorporates by reference the allegations set forth above.

55. Defendant knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

56. At all relevant times, Defendant had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

57. Despite said knowledge, power, and duty, Defendant negligently failed to act so as to stop engaging in the conduct described herein and/or to prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that said negligent conduct was perpetrated by certain individuals not affiliated with Defendant, Defendant confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, anguish, emotional and physical injuries, as well as economic losses, all to her damage in amounts to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff asks the Court to enter judgment against Defendant for its unlawful acts, including but not limited to the following requests for relief:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in retaliation and any other employment practice which discriminates on the basis of a disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Award Plaintiff the amount of her losses, including but not limited to her lost earnings and benefits and to reinstate Plaintiff to the position from which she was terminated with pay and benefits equal to that which she would have attained had she not been terminated or providing Plaintiff with appropriate front pay in lieu of reinstatement.

D. Award Plaintiff compensation for past and future pecuniary losses resulting from the unlawful employment practices as set forth above.

E. Award Plaintiff compensation for past and future nonpecuniary losses resulting from the unlawful employment practices as set forth above, including but not limited to mental and emotional distress.

F. Award Plaintiff punitive damages for Defendant's malicious and reckless conduct.

G. Award Plaintiff her costs and attorney fees incurred in bringing this action against Defendant.

H. Grant such other further and/or other relief that is just under the circumstances.

Respectfully Submitted,

/s/ Carla D. Aikens
Carla D Aikens (P69530)
CARLA D. AIKENS, P.C.
Attorneys for Plaintiff
615 Griswold Street, Suite 709
Detroit, MI 48226
Dated:  November 21, 2016            carla@aikenslawfirm.com